48 So.2d 45

## McCUTCHEON v. STATE.

### 6 Div. 823.

Court of Appeals of Alabama.
March 28, 1950.

Rehearing Denied April 11, 1950.

Geo. Rogers, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged the defendant with rape. After a long drawn out trial upon said charge the jury returned a verdict of guilty of the offense of assault and battery and assessed a fine of $200, to which the trial court added six months hard labor. Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken. The verdict of the jury operated as an acquittal of the defendant of rape, and all questions bearing upon the felony charge are not to be considered upon this appeal. We are to ascertain if the judgment of conviction for the offense of assault and battery was free from prejudicial or injurious error.

The evidence in the case tended to show that the alleged injured party was upon the occasion in question severely beaten and injured. The attending physician, who examined the woman at the hospital, some few hours after the alleged offense was committed, so testified as to her condition, and several other witnesses, who saw her

shortly after the alleged offense was committed, also testified in like manner as to her condition. On direct and cross examination the defendant admitted he struck the woman, but denied he inflicted the severe wounds upon her above referred to. The injured party testified he did.

In this case, as to assault and battery, it was the province and duty of the jury to consider and determine from the evidence, whether or not the defendant inflicted the serious wounds upon the woman, and also to determine if the defendant had contributed to the situation which led up to and caused the difficulty.

We refrain from reciting all or any part of the voluminous and sordid testimony adduced upon the trial. From a careful and attentive consideration of all the testimony, which we have read in full, we are clear to the opinion that the jury was fully warranted in returning their verdict. In fact, it occurs to the court that appellant should be very grateful and thankful that his conviction was for a misdemeanor and not for the felony, which the indictment charged.

On appeal to the appellate courts the law provides, in cases of this character, that no assignment of errors or joinder in errors is necessary, but it places upon the court the duty of considering all questions apparent upon the record, or reserved by exceptions, and must render such judgment as the law demands. This law also provides that the judgment of conviction must not be reversed because of error, when the court is satisfied that no injury resulted therefrom to the defendant. Title 15, Section 389, Code of Alabama 1940.

We have performed our duty as required by the foregoing statute. We have duly considered every question in the record to which exceptions were reserved, of which there are several hundred. A majority of these exceptions were based upon alleged improper remarks by the court to the jury; and also numerous alleged improper statements in argument and otherwise by the special prosecutor pending the trial for rape. We do not feel called upon to express our approval or disapproval of these questions and insistences, for we are clearly of the opinion that errors if any prevailed in connection with said statements by the court, and State's counsel, they were not calculated to erroneously injure the defendant since his conviction was for a misdemeanor only; and even if error appeared we are satisfied that no injury resulted therefrom to the defendant. Therefore, under the statute, supra, we would not be justified in reversing the judgment of conviction from which this appeal was taken.

Affirmed.